UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 8:11-cr-501-T-24

JOHN ANTHONY GIANOLI, III
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Appeal Bond (Doc. 102), which the Government opposes (Doc. 104). For the reasons set forth below, the motion for bond pending appeal is granted.

**I.    Background**

John Gianoli, III ("Gianoli"), a medical doctor, was indicted on five counts of Distribution of Oxycodone outside the course of professional practice in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). Each count alleged a distribution of oxycodone on a separate date. (Doc. 1). On June 15, 2012, a jury returned a guilty verdict as to Count Two. (Doc. 69). The jury found Gianoli not guilty of Counts Three and Five, and it was unable to reach a verdict on Counts One and Four. (Doc. 69). On September 5, 2012, this Court sentenced Gianoli to sixty months imprisonment followed by thirty-six months of supervised release. Gianoli was allowed to self-surrender at a place and time to be designated. On September 14, 2012, Gianoli filed a notice of appeal. (Doc. 97).

**II.    Release Pending Appeal**

Title 18 U.S.C § 3143(b)(1) provides that a person who has been found guilty and sentenced to a term of imprisonment and has filed an appeal shall be detained unless the court

finds by clear and convincing evidence that "the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and that "the appeal is not for the purpose of delay and raises a substantial question of law or fact," which is likely to result in reversal, a new trial, or a sentence that does not include imprisonment.

The Court finds, and the Government agrees, that Gianoli is not likely to flee and does not pose a danger to the safety of others or the community. Gianoli's medical license has been forfeited, and there is little likelihood that he poses a danger to the safety of any other person. The Court believes there are conditions of release that can reasonably assure his appearance.

The Court also finds that the appeal is not for the purpose of delay and raises a substantial question of law which, if decided in Gianoli's favor, would result in a new trial. The issue, which was raised by Gianoli for the first time in a motion for new trial, pertains to a jury instruction given by the Court. The jury was instructed that the defendant could be found guilty if he distributed or caused to be distributed a controlled substance as charged, if he acted knowingly and intentionally, and if he either acted outside the ususal course of professional practice or acted without a legitimate medical purpose. Gianoli argues that the jury should have been told that it had to be unanimous as to whether he acted outside the course of professional practice or acted without a legitimate medical purpose, or alternatively, the jury should have been given a special interrogatory in order to be assured of a unanimous verdict on the issue of whether the prescription was not made in the usual course of professional practice or not for a legitimate medical purpose. The Court considered and rejected this argument when Gianoli raised it in his motion for new trial; nevertheless, it is a substantial question, not a frivolous one, which if decided in Gianoli's favor would result in a new trial.

**III.** **Conclusion**

Accordingly, the motion for bond pending appeal is GRANTED. The matter is referred to the magistrate judge for consideration of the amount of the bond, and other conditions of release, which will assure Gianoli's appearance.

Done and ordered in Tampa, Florida, this 11th day of October, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Magistrate Judge Anthony E. Porcelli