**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN GIANOLI,

    Plaintiff,

v.

                          Case No: 8:11-cr-00501-T-24-MAP
                          Case No: 8:14-cv-1547-T-24MAP

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This cause comes before the Court on Petitioner John Anthony Gianoli, III's motion under 28 U.S.C.§ 2255 to vacate, set aside, or correct his sentence. (Dkt. 22). The Government filed a response in opposition (Dkt. 31), to which Petitioner filed a reply (Dkt. 32).

**I.  BACKGROUND**

Petitioner was charged with five counts of distributing Oxycodone outside the course of professional practice as a physician, in violation of 21 U.S.C. § 841 (a)(1). After a five-day trial, a jury found him guilty of count two, not guilty of counts three and five, and was unable to reach a verdict on counts one and four.

On September 5, 2012, Petitioner was sentenced 60 months' imprisonment. The sentence was a variance below the guideline range of 78 to 97 months' imprisonment. At the sentencing hearing, two witnesses were permitted to speak pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a), (b). The witnesses testified regarding the death of a family member, which they attributed to Petitioner. Petitioner appealed his judgment and sentence, and the Eleventh Circuit affirmed on September 16, 2013. Petitioner timely filed this § 2255 motion.

## II. MOTION TO VACATE SENTENCE

Petitioner sets forth seven grounds for relief challenging his conviction and sentence as unconstitutional based on ineffective assistance of counsel. Each of these claims is related to the witnesses who were allowed to speak at sentencing. Petitioner's claims are based on his counsel's alleged failure to: (1) object to unsworn victim witness testimony; (2) object to introduction of victim witness testimony; (3) object to lack of notice for the introduction of victim witnesses testimony; (4) request a continuance upon learning of victim witnesses; (5) investigate the victim witnesses' claims; (6) raise an alleged violation of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), by the Government; and (7) object to violations of Petitioner's due process rights under 18 U.S.C. § 3661 at sentencing and on appeal. Additionally, Petitioner seeks relief on the grounds that the Government violated his due process rights and its obligations under *Brady* at sentencing and that irrelevant and prejudicial evidence was improperly admitted at trial. For the reasons discussed below, Petitioner's motion is denied.

### A.   Ineffective Assistance of Counsel and Witness Testimony at Sentencing

All but one of Petitioner's ineffective-assistance-of-counsel claims are directly related to the two victim witnesses who spoke at sentencing.[1]

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States,* 701 F.3d 681, 684 (11th Cir.2012); *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir.2000); *Mills v. United States,* 36 F.3d 1052, 1056 (11th Cir.1994). Where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be

---

[1] Petitioner's remaining ineffective assistance of counsel claim seeks relief for counsel's failure to object to irrelevant and prejudicial information at trial.

the basis for relief in a § 2255 proceeding. *Ochoa v. United States*, 569 F. App'x 843, 845 (11th Cir.) *cert. denied*, 135 S. Ct. 463, 190 L. Ed. 2d 332 (2014) (citing *Rozier,* 701 F.3d at 684). "While law of the case preclusion is limited to those issues previously decided, the doctrine does operate to encompass issues decided by necessary implication as well as those decided explicitly." *Id.* (citing *Luckey v. Miller,* 929 F.2d 618, 621 (11th Cir.1991)). However, an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).

In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court stated a two-part test for determining whether a defendant received ineffective assistance of counsel.[2] First, a defendant must demonstrate that his counsel's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the defective performance prejudiced the defense, meaning counsel's errors were so serious as to deprive the defendant of a fair trial, a trial the result of which is reliable. *Id.* The defendant must establish both prongs, and if he makes an insufficient showing as to one, the Court need not address the other prong in order to find that counsel was not ineffective. *Id.* at 697. Under the second prong, a movant must establish that there is a reasonable probability that the results would have been

---

[2] To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland. See Strickland v. Sec'y Dep't of Corr.*, No. 806CV2390T24MAP, 2008 WL 686162, at *3 (M.D. Fla. Mar. 10, 2008). The *Strickland* test is also applied for effective assistance of counsel during sentencing. *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000) (citing *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir.1992)).

different but for counsel's deficient performance. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner's arguments fail as to the second prong, because he has not shown prejudice. Specifically, Petitioner has not established with a reasonable probability that the outcome of the proceedings would have been different if counsel had performed differently in light of the fact that he received a below guidelines sentence.[3] Petitioner's argument that the Court could have imposed an even lower sentence is insufficient to undermine confidence in the outcome, which already included a significant downward variance from the sentencing guidelines. *See id.*

Petitioner is also precluded from arguing the outcome of the proceedings would have been different had counsel challenged the sentencing witnesses' statements in each of the manners described in his ineffective-assistance-of-counsel claims. The appellate record reflects that the issues raised in Petitioner's § 2255 motion related to witness statements at sentencing were raised and resolved by the Eleventh Circuit on direct appeal. The Eleventh Circuit rejected Petitioner's argument that the witnesses should not have been permitted to testify at sentencing about his prescribing drugs to their relatives, noting that "the Crime Victims' Rights Act does not limit the information concerning the background, character, and conduct of a person convicted of an offense that a court may hear at sentencing." *United States v. Gianoli*, 537 F. App'x 849, 852 (11th Cir. 2013). Specifically, the Eleventh Circuit held "the district court did not err—much less plainly err—by permitting the non-victim witnesses to testify." *Id.* Because the witness statements were found to be properly admitted on appeal, Petitioner is precluded from arguing that he was prejudiced by his counsel's failure to challenge the admission of the statements. *See Rozier v.*

---

[3] The sentencing guideline range was guideline range was 78 to 97 months' imprisonment. Petitioner was sentenced to 60 months' imprisonment.

4

*United States,* 701 F.3d 681, 684 (11th Cir.2012) (holding that a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding). Accordingly, Petitioner is not entitled to relief on these grounds.

Similarly, Petitioner has not shown that his right to due process was violated as a result of ineffective counsel on appeal.[4] Claims of ineffective assistance of appellate counsel are governed by the same two-prong standard applicable to trial counsel under *Strickland.* The Supreme Court has held that "[j]udicial scrutiny of counsel's performance must be highly deferential ... a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." *Id.* at 689. Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir.1983). For counsel's performance to be deemed deficient, a movant must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir.2000) (en banc). The Eleventh Circuit has held that appellate counsel is not required to raise every non-frivolous issue, even ones that may have been meritorious, noting that "it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues." *Toepfer v. United States*, 518 F. App'x 834, 841-42 (11th Cir.) *cert. denied*, 134 S. Ct. 659, 187 L. Ed. 2d 422 (2013) (citations and quotations omitted). To establish prejudice in this context, a movant must show that "the neglected claim would have a reasonable probability of success on appeal." *Heath,* 941 F.2d at 1131.

---

[4] Petitioner's counsel on appeal and sentencing was different from his counsel at trial.

Petitioner has failed to establish that his appellate counsel's decision to omit due process claims under 18 U.S.C. § 3661 on appeal was not strategic or tactical as allowed by *Strickland*. Petitioner's appellate counsel raised four claims challenging Petitioner's conviction and sentence, including constitutional challenges to the amendment of the indictment and the court's use of a general verdict form as opposed to special verdict form. Additionally, appellate counsel raised a detailed claim regarding the witness statements that were permitted at sentencing pursuant to the Crime Victims' Rights Act. Petitioner has not demonstrated that no competent attorney would have elected to focus on the claims asserted to the exclusion of a "discussion" that the district court's "'largely unlimited' discretion [regarding the information it can consider] is still subject to due process protections." (Dkt. 22 at 12). Nor has Petitioner demonstrated that such discussion would have a reasonable probability of success on appeal. *See Heath v. Jones,* 941 F.2d 1126, 1131 (11th Cir.1991). Thus, relief on this ground will also be denied.

### B. Ineffective Assistance and the Government's Alleged Violations under *Brady*

Petitioner claims that the Government violated its obligations under *Brady* at sentencing and his counsel was ineffective for failing to object. Petitioner asserts the Government violated his right to due process by failing to provide Petitioner with autopsy and police reports in connection with the death of an individual that victim witnesses attributed to Petitioner at sentencing.[5] Petitioner's argument is perplexing, as it is unclear how the requirements of *Brady* are implicated under these circumstances and if they are not, how counsel could be ineffective to for failing to object.

---

[5] As previously discussed, issues related to the victim witnesses' statements at sentencing were resolved on direct appeal. Therefore, Petitioner's instant claim is not cognizable in this § 2255 motion. *See e.g. Rozier,* 701 F.3d at 684; *Nyhuis,* 211 F.3d at 1343; *Mills,* 36 F.3d at 1056.

The elements of a *Brady* violation are: (1) that the prosecution possessed evidence favorable to the defendant; (2) that the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. *United States v. Bailey,* 123 F.3d 1381, 1397 (11th Cir. 1997). Petitioner has failed to establish any of these elements in his motion. Petitioner makes no argument that the Government actually possessed the autopsy or police reports at issue, he merely asserts that the Government "had to know as early as the time of trial that two witnesses claimed that [Petitioner] was responsible for their son's/brother's death" and that the autopsy and police reports were available to it. (Dkt. 22 at 11-12). Additionally, the record shows the witnesses who provided the testimony regarding the individual's death were not called or subpoenaed by the Government. (Dkt. 111 at 76-77). They appeared at sentencing and requested the Court hear from them. *Id.* Petitioner has also failed to show with a reasonable probability that the outcome of the sentencing proceedings would have been different if he had access to the autopsy and police report. Petitioner's claim is further undermined by the record, in that the Court did not mention the witnesses' testimony in determining the appropriate sentence and varied significantly below the sentencing guidelines in sentencing Petitioner. Accordingly, Petitioner's claim is without merit and relief based on this claim is denied.

**C.   Admission of Irrelevant and Prejudicial Information at Trial**

Petitioner's final claim regarding the admission of allegedly irrelevant and prejudicial information at trial was not raised on appeal. Therefore, the Court must consider whether Petitioner's final claim is procedurally barred and, if so, whether Petitioner has established grounds to overcome the procedural bar.

7

Generally, a petitioner's challenge to his criminal conviction must first be advanced on direct appeal or else he is procedurally barred from presenting that claim later in a § 2255 proceeding. *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir.2004). This is so because a § 2255 collateral proceeding is not a substitute for an appeal. The procedural default rule generally applies to all claims, including constitutional claims. *Id.* In the instant case, Petitioner procedurally defaulted his challenges to the admission of allegedly irrelevant and prejudicial information at trial when he failed to raise the issues on appeal.

A petitioner may, however, overcome the procedural bar if he meets one of the two exceptions: (1) he must show cause for not raising the claim on direct appeal and that he suffered actual prejudice from the alleged error, *see id.* at 1234–35, or (2) he must show that the failure of the court to hear the merits of his claim would result in a fundamental miscarriage of justice, *see Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir.2001). The first exception requires that a petitioner show both components, cause and actual prejudice, to overcome the procedural bar to his § 2255 claim. *Id.* (citations omitted). The second exception, fundamental miscarriage of justice, rarely applies as it requires that a petitioner show that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent or that his prior convictions used to enhance him have been vacated. *Mills v. United States,* 36 F.3d 1052, 1055–56 (11th Cir.1994) (per curiam). Petitioner does not argue that he is actually innocent of distributing Oxycodone outside the course of professional practice, so the second exception to the procedural bar, fundamental miscarriage of justice, does not apply. Therefore, Petitioner is left with showing cause for failure to raise the argument on direct appeal and that he suffered prejudice.

As cause, Petitioner argues that his trial counsel rendered ineffective assistance in failing to object to of the admission during trial of video recordings in which Petitioner discussed, among

8

other things, his personal views that drugs should be legalized and his vacation with two women (the "video evidence"). (Dkt. 22 at 13, Dkt. 22-1 at 2-3). He argues that the video evidence was improperly admitted as it was irrelevant and prejudicial.

A petitioner collaterally attacking his conviction pursuant to section 2255 can establish cause for a procedural default if he can show that "some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule," or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel. *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997) (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Petitioner asserts only the latter, arguing that his trial counsel rendered ineffective assistance and that it is reasonably probable that the jury would have reached a different verdict but for his counsel's ineffectiveness. As discussed above, the test stated in *Strickland* is used to determine whether a defendant received ineffective assistance of counsel. A petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. Judicial scrutiny of counsel's performance must be "highly deferential," as it is "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Simply showing that counsel erred or his performance was deficient is not sufficient. *Id.* at 691.

Rather than arguing his counsel's representation fell below an objective standard of reasonableness, Petitioner merely asserts that his trial counsel was ineffective, and the video

evidence was improperly admitted. Petitioner's argument is insufficient to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy under *Strickland*. *See id.* at 689. Therefore, Petitioner has failed to show cause based on his counsel's ineffective assistance at trial.

Petitioner also argues his appellate counsel rendered ineffective assistance for failing to raise the court's error in admitting the video evidence on appeal. A finding of ineffective assistance of counsel on appeal may provide requisite "cause" to excuse a movant's procedural default under certain circumstances. *See e.g. United States v. Frady,* 456 U.S. 152 (1983); *Parks v. United States,* 832 F.2d 1244 (11th Cir. 1987). Claims of ineffective assistance of appellate counsel are governed by the same two-prong standard applicable to trial counsel under *Strickland. Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir.1991).

Petitioner's single, conclusory argument that appellate counsel was ineffective in failing to raise the issues related to the admission of the video evidence is insufficient to overcome the procedural bar. Petitioner merely asserts that his appellate counsel was ineffective "because admission of [the video evidence] amounted to plain error." (Dkt. 22-1 at 24). As the Eleventh Circuit has recognized, it is difficult to show that appellate counsel was ineffective for failing to raise certain issues, particularly if counsel presented other strong issues. *See Payne v. United States,* 566 F.3d 1276, 1277 (11th Cir.2009). Petitioner's appellate counsel raised numerous strong issues, including constitutional claims, on appeal. Moreover, Petitioner has not made any showing that the neglected claim would have a reasonable probability of success on appeal, or that he was otherwise prejudiced. Therefore, Petitioner has failed to show his appellate counsel rendered ineffective assistance and cannot establish cause to overcome the procedural bar to his claim

regarding the admission of the video evidence at trial. Thus, relief on this ground will also be denied.

> D.  **Request for Evidentiary Hearing**

Petitioner requests an evidentiary hearing on the matters presented in his motion. Petitioner bears the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir.2011). If a petitioner does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id.*

As discussed above, the allegations in Petitioner's § 2255 motion are without merit. Petitioner's allegations do not entitle him to relief as his claims are procedurally barred and precluded by prior resolution in the Eleventh Circuit. Accordingly, he is not entitled to an evidentiary hearing. *See Aron v. United States,* 291 F.3d 708, 714–15 (11th Cir.2002) (indicating that an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). Petitioner's request for an evidentiary hearing must, therefore, be denied.

> E.  **Application for Certificate of Appealability**

Finally, the Court must consider whether Petitioner has raised any issues that entitle him to appeal. A prisoner seeking to vacate his sentence has no absolute entitlement to appeal a district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a certificate of appealability ("COA"). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Petitioner has not made the requisite showing in these circumstances. Therefore, Petitioner is not entitled to a COA.

### III. CONCLUSION

Accordingly, on the basis of the foregoing, Petitioner's Motion under 28 U.S.C.§ 2255 is **DENIED**. The Clerk is directed to close the civil case and enter judgment in favor of the United States.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties